IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHAWN SHEPPARD, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:14-CV-037-C |
| | § | |
| CHS/COMMUNITY HEALTH SYSTEMS, | § | |
| INC. RETIREMENT SAVINGS PLAN, | § | |
| CHS/COMMUNITY HEALTH SYSTEMS, | § | |
| INC., CHS/COMMUNITY HEALTH | § | |
| SYSTEMS, INC. RETIREMENT | § | |
| COMMITTEE and PRINCIPAL LIFE | § | |
| INSURANCE CO. d/b/a PRINCIPAL | § | |
| FINANCIAL GROUP, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW SHAWN SHEPPARD ("Plaintiff") in the above-numbered and entitled cause and complains of CHS/COMMUNITY HEALTH SYSTEMS, INC. RETIREMENT SAVINGS PLAN, CHS/COMMUNITY HEALTH SYSTEMS, INC., CHS/COMMUNITY HEALTH SYSTEMS, INC. RETIREMENT COMMITTEE and PRINCIPAL LIFE INSURANCE CO. d/b/a PRINCIPAL FINANCIAL GROUP (hereinafter sometimes referred to collectively as "Defendants") and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery pursuant to this Court's Order dated March 5, 2014.

### II. PARTIES

2. SHAWN SHEPPARD is an individual being domiciled and residing at 1918 Portland, Abilene, Texas 79605.

3. CHS/COMMUNITY HEALTH SYSTEMS, INC. RETIREMENT SAVINGS PLAN ("Plan") is an "employee benefit plan" as defined by 29 U.S.C. §1002(3) and a necessary party to this lawsuit. Service may be had upon its administrator: CHS/Community Health Systems, Inc. Retirement Committee, c/o James Doucette, 4000 Meridian Blvd., P.O. Box 689020, Franklin, Tennessee 37067-6325.

4. CHS/COMMUNITY HEALTH SYSTEMS, INC. ("CHS") is an entity headquartered in the State of Tennessee but doing business in and registered with the State of Texas. CHS is the sponsor of the Plan and a necessary party to this lawsuit. Service may be had upon its registered agent: CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.

5. CHS/COMMUNITY HEALTH SYSTEMS, INC. RETIREMENT COMMITTEE is the administrator of the Plan and a necessary party to this lawsuit. Service may be had upon the named administrator: James Doucette, 4000 Meridian Blvd., P.O. Box 689020, Franklin, Tennessee 37067-6325.

6. PRINCIPAL LIFE INSURANCE CO. d/b/a PRINCIPAL FINANCIAL GROUP ("PLIC") is an entity headquartered in the State of Iowa but doing business in and registered with State of Texas. PLIC is a service provider and/or insurance carrier for the Plan and a necessary party to this lawsuit. Service may be had upon its registered agent: CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction of this matter by virtue of 28 U.S.C. §1332(a).

8. Venue of this matter is proper pursuant to 28 U.S.C. §1441(a).

## IV. FACTS

9. On or about May 28, 2013, Plaintiff's mother, Alice Ramirez, died without leaving a valid Will. On the date of Ms. Ramirez's death, she was a participant in the Plan through her employer, Abilene Regional Medical Center, and her interest was valued at approximately $132,000.00. Ms. Ramirez named Plaintiff as the Plan's primary beneficiary.

10. Plaintiff contacted Principal Life Insurance Co. ("PLIC") to notify of Ms. Ramirez's death and arrange for distribution of the Plan's funds. PLIC informed Plaintiff that no such distribution would be made because Ms. Ramirez's Certificate of Death indicated "Married." Plaintiff informed PLIC that the "Married" designation was incorrect, as Ms. Ramirez had never been married, and Plaintiff is her only child, biological or adoptive. PLIC instructed Plaintiff to obtain two (2) Affidavits of Heirship to verify his assertion, as well as to contact the Texas Vital Statistics Unit in order to amend the Certificate of Death.

11. As instructed, Plaintiff obtained and submitted two (2) Affidavits of Heirship and attempted to amend the Certificate of Death, but the Texas Vital Statistics Unit refuses to do so without a Court Order.

12. Plaintiff contacted PLIC to provide an update and learned that the Plan's funds were wrongfully distributed to Edward Sheppard, despite the fact that Plaintiff is the primary beneficiary of the Plan, Plaintiff made a claim to the Plan's funds prior to their wrongful distribution and Plaintiff put Defendants on notice that Ms. Ramirez's Certificate of Death contained a typographical error.

## V. CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

13. Plaintiff hereby incorporates the facts as set forth above.

14. Defendants, in their various capacities associated with the Plan, owed a fiduciary duty to Plaintiff to act with care, skill, prudence and diligence. By wrongfully distributing the Plan's funds, Defendants breached their fiduciary duty and causing damages to Plaintiff.

## VI. ATTORNEY'S FEES

15. Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

## PRAYER

For the reasons set forth above, Plaintiff respectfully requests that Defendant be cited to appear and answer herein; that upon trial hereof, Plaintiff have and recover damages for Defendants' breach of fiduciary duty; that Plaintiff recovers costs of Court and attorney's fees; that Plaintiff recovers both pre-judgment and post-judgment interest as allowed by law; and for such other and further relief both general and special to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

/s/ Megan Myers-Bell
Charles C. Self, III
State Bar No. 18007550
Megan Myers-Bell
State Bar No. 24050155
WHITTEN, HACKER, HAGIN,
ANDERSON, ALLEN & SELF, P.C.
P. O. Box 208
Abilene, Texas 79604-0208
(325) 672-7824
(325) 672-2158 – Fax
cself@whittenfirm.com
mmyers@whittenfirm.com

## **CERTIFICATE OF SERVICE**

  This certifies that this document was served in accordance with the Federal Rules of Civil Procedure on July 15, 2015.

                /s/ Megan Myers-Bell_____
                Megan Myers-Bell